UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JOHN DOES #1-69,**

      **Plaintiffs,**

v.                                        **Case No:  6:18-cv-1731-Orl-41LRH**

**RICK SWEARINGEN,**

      **Defendant.**

**ORDER**

THIS CAUSE is before the Court on Plaintiffs' Motion and Memorandum for Leave to Proceed Anonymously ("Motion," Doc. 22) and Defendant's Response (Doc. 23). United States Magistrate Judge Karla R. Spaulding issued a Report and Recommendation (Doc. 24), which recommends denying the Motion. Plaintiffs filed Objections (Doc. 27), and Defendant filed a Response to Plaintiffs' Objections (Doc. 31). As set forth below, while the Court agrees with Judge Spaulding that Plaintiffs initially failed to meet their burden with their four-page, unsupported Motion, they subsequently supported the Motion with sufficient caselaw and evidence to persuade the Court that the Motion should be granted.

**I.    BACKGROUND**

Plaintiffs[1] challenge the constitutionality of section 943.0435 of the Florida Statutes ("the Act"), which sets forth Florida's sexual offender registration and notification requirements. (Am.

---

[1] This case was originally filed by sixty individual Plaintiffs. (Compl., Doc. 1, at 4–38). The case style of the Amended Complaint states that it is brought by "John Does # 1–69," (Doc. 11 at 1), but the body of the Amended Complaint states that "John Does 1–69 [are] amended to include John Does 1–78." (*Id.*). To make matters more confusing, the Amended Complaint makes allegations about Plaintiffs up to John Doe #78, but it omits allegations regarding John Does #63 and #66. (*Id.* at 39–40, 41 (skipping from John Doe #62 to John Doe #64 and skipping from John

Compl., Doc. 11, at 1–2). Each of the Plaintiffs was convicted of a crime subjecting them to the requirements of the Act. (*Id.* at 4–50). Plaintiffs allege that the Act violates the Ex Post Facto and Contracts Clauses of the United States Constitution, the Due Process Clause of the Fourteenth Amendment, and the First, Fifth, and Eighth Amendments of the United States Constitution. (*Id.* at 2). Plaintiffs are now seeking leave to proceed anonymously, arguing that being forced to proceed under their own names will require them to disclose matters of the utmost intimacy and will subject them to physical violence and harassment.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 10(b) states that "[t]he title of the complaint must name all the parties." "This rule serves more than administrative convenience. It protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992). "The ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.* at 323 (quotation omitted). In making this determination, "the court should carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Plaintiff B v. Francis*, 631 F.3d 1310, 1316 (11th Cir. 2011). Factors that are commonly considered in this analysis include: (1) whether the plaintiffs are challenging governmental activity; (2) whether the plaintiffs will be required to disclose information of the utmost intimacy; (3) whether the plaintiffs would be

---

Doe #65 to John Doe #67)). Then, Plaintiffs filed Affidavits—one for each individual Plaintiff—swearing to the veracity of the allegations in the Amended Complaint attributed to them by number, (*see generally* Doc. 27 at 18–185), and included an Affidavit by John Does #63 and #66, (*id.* at 142–43, 148–49). For this Order, however, the Court will merely refer to Plaintiffs collectively; individual analysis is not necessary for purposes of the instant motion.

compelled to admit their intention to engage in illegal conduct; (4) whether the plaintiffs are minors; (5) whether the plaintiffs will be subject to threats of violence by proceeding under their own names; and (6) whether proceeding anonymously will be fundamentally unfair to the defendant. *Id.*; *Frank*, 951 F.2d at 323.

### III.   ANALYSIS

Plaintiffs do not contend that this litigation could result in Plaintiffs being compelled to admit their intention to engage in illegal conduct nor is any Plaintiff alleged to be a minor. The parties dispute whether the remaining factors and other surrounding circumstances weigh in favor of allowing Plaintiffs to proceed anonymously. Each will be addressed in turn.

#### A.   Governmental Activity

It is undisputed that Plaintiffs are challenging governmental activity. However, this factor does not necessarily weigh in favor of allowing Plaintiffs to proceed anonymously, it merely mitigates the prejudice against Defendant because the suit does not pose a risk of injury to the government's reputation. *Frank*, 951 F.2d at 323–24. Thus, this factor is neutral.

#### B.   Information of the Utmost Intimacy

"Information of the utmost intimacy that might justify allowing a plaintiff to proceed anonymously has generally been found to involve matters such as birth control, abortion, homosexuality, transexuality, mental illness, welfare rights of illegitimate children, and prayer and personal religious beliefs." *Doe v. Compact Info. Sys., Inc.*, 3:13-cv-5013-M, 2015 WL 11022761, at *4 (N.D. Tex. Jan. 26, 2015); *Rowe v. Burton*, 884 F. Supp. 1372, 1386 (D. Alaska 1994). On the other hand, "[c]ourts have refused requests to proceed anonymously in actions involving economic matters, challenges to selective service registration, sexual harassment under Title VII, termination of employment due to alcoholism, and AIDS." *Rowe*, 884 F. Supp. at 1386.

"Moreover, even sexual assault (a matter indisputably of a highly sensitive and personal nature) has not been found to be so compelling in regard to its intimate nature as to permit plaintiffs to proceed anonymously in instances where the plaintiff is pursuing an action against the alleged abuser." *Compact Info. Sys., Inc.*, 2015 WL 11022761, at *4.

Plaintiffs assert that because this litigation requires them to disclose information regarding their underlying convictions, this factor weighs in favor of anonymity. In the Report and Recommendation, however, Judge Spaulding accurately explained that the underlying convictions are already in the public record and do not constitute matters of utmost intimacy. (Doc. 24 at 4). This Court agrees. *See Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) ("While we appreciate Appellee's interest in attempting to prevent disclosure of his status as a sex offender, such disclosure has presumably already occurred in the underlying conviction."); *Rowe*, 884 F. Supp. at 1387–88 ("[P]laintiffs here seek to limit dissemination of a fact already public: that [they] have each pled no contest to a sex offense. . . . [T]here simply is no disclosure of an intensely *private* fact[] because the information is already within the public domain."). Accordingly, this factor does not provide a basis for Plaintiffs to proceed anonymously.

### C.     Threats of Violence

As to the possibility that Plaintiffs will face threats of violence, Plaintiffs provided additional evidence and argument in their Objections to the Report and Recommendation that the Court finds persuasive. Several of the Plaintiffs have provided evidence of actual physical violence or serious threats of physical violence against them, their property, and their families once others discovered their status as sex offenders. (Doc. 11 ¶¶ 8, 42; Doe #12 Decl., Doc. 27, at 176; Doe #33 Decl., Doc. 27 at 179; Doe #54 Decl., Doc. 27, at 182; Doe #60 Decl., Doc. 27, at 185). Additionally, while the disclosure of the underlying facts in this case do not constitute matters of

utmost intimacy, they do heighten the risk that Plaintiffs will be subject to physical violence. If Plaintiffs "are forced to disclose their names in connection with this action, . . . [they] would be forced to publicly identify themselves as the particular . . . registrants challenging the statutory scheme, allowing those citizens who would do harm to put names with faces and addresses." *Doe v. Strange*, 2:15-cv-606-WKW, 2016 WL 1168487, at *2 (M.D. Ala. Mar. 24, 2016). If Plaintiffs were required to proceed under their real names, "they would 'be identified as the person[s] challenging the constitutionality of a statute that was created to protect the public, which could make Plaintiff[s] an even bigger target for retaliation.'" *Doe v. Swearingen*, 18-24145-CIV, 2019 WL 95548, at *5 (S.D. Fla. Jan. 3, 2019) (quoting *Doe v. City of Indianapolis, Ind.*, 1:12-cv-00062-TWP, 2012 WL 639537, at *2 (S.D. Ind. Feb. 27, 2012)). This factor indicates that Plaintiffs should be allowed to proceed anonymously.

### D.   **Unfairness to Defendant**

Finally, the Court finds that allowing Plaintiffs to proceed anonymously will not be fundamentally unfair to Defendants because Plaintiffs have agreed to disclose their identities to Defendant. Additionally, the parties will be ordered to confer and file an appropriate motion for a protective order—preferably an agreed-to, joint motion—in accordance with Rule 26(c) of the Federal Rules of Civil Procedure.

### IV.   CONCLUSION

The Court finds that allowing Plaintiffs to proceed anonymously is appropriate in this case. Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 24) is **ADOPTED in part** and **REJECTED in part** as set forth herein.

2. Plaintiffs' Motion and Memorandum for Leave to Proceed Anonymously (Doc. 22) is **GRANTED**. Plaintiffs are permitted to proceed with their claims anonymously.

3. **On or before October 4, 2019**, the parties are **DIRECTED** to confer and file a motion for protective order that satisfies Plaintiffs' confidentiality concerns.

**DONE** and **ORDERED** in Orlando, Florida on September 13, 2019.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record